IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**TEROME JOHNSON,**

      **Plaintiff,**

**vs.**                                **CIVIL ACTION NO. 2:21-CV-00622**

**US TRINITY ENERGY LABOR
SERVICES LLC,**

      **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is ***Defendant's Motion to Dismiss Plaintiff's Complaint*** and supporting ***Memorandum*** (ECF Nos. 14, 15) filed on May 2, 2022. By Administrative Order entered on December 1, 2021, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3) Having examined the Complaint and additional pleadings of record and considered the pertinent legal authority, the undersigned has concluded that the ***Motion to Dismiss*** should be **GRANTED** for the reasons stated *infra*:

**Plaintiff's Factual Allegations**

Plaintiff alleges that on May 22, 2019, he was called a racial slur by Garrett Hendricks while at work and again after work when they went out to eat. (ECF No. 1 at 4, 8, 9) Plaintiff indicates that while Mr. Hendricks tried to apologize to him, Plaintiff felt disrespected (Id. at 9). Plaintiff also alleges that he was terminated "for no reason" and that he "did not receive a clean layoff" and that he has "been without for two years and four months" (Id. at 4); Plaintiff attaches a letter from the WV Appalachian Laborers' District Council dated July 23, 2019 that states

Plaintiff reached a "settlement" with Defendant wherein Plaintiff's grievance for wrongful termination was resolved by changing his termination for cause to a "reduction in work force" thereby permitting Plaintiff "a clean lay off." (Id. at 8)

Plaintiff does not specify any monetary relief, other than he "want[s] the court to fight for [his] rights" as it was not his fault that he was mistreated. (Id. at 5)

## Procedural History

On November 30, 2021, Plaintiff, acting *pro se*[1], filed his Complaint ostensibly for relief pursuant to Title 42 U.S.C. § 1983. (ECF No. 1)

On March 29, 2022, the undersigned directed the Clerk to issue a summons for the Defendant, and directed the United States Marshals Service to serve the Summons and a copy of Plaintiff's Complaint upon the Defendant.[2]  (ECF Nos. 10, 11)

On May 2, 2022, Defendant filed its Motion to Dismiss and supporting Memorandum.[3] (ECF Nos. 14, 15)

In accordance with the Roseboro notice issued by the undersigned (ECF No. 17), on May

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] In response to the Court's Order directing payment of the filing fee or file an Application to Proceed in Forma Pauperis (ECF No. 3), on December 13, 2021, Plaintiff paid the filing fee, whereupon the Court issued a Notice of Obligation to Effect Service of Complaint to Plaintiff (ECF No. 5). While Plaintiff filed his proposed summons, which the Clerk duly issued to Plaintiff for service (ECF Nos. 6, 7), the undersigned was compelled to issue a Notice of Failure to Make Service Within Ninety (90) Days to plaintiff (ECF No. 8). Upon receipt of Plaintiff's Response to the Notice, wherein he indicated he believed the Clerk would effectuate service on his behalf (ECF No. 9), given his *pro se* status, the undersigned directed the United States Marshal's Service to serve the summons and complaint (ECF No. 10).

[3] Defendant attached two Exhibits to its Motion: (1) a "Final Determination and Dismissal Order" dated March 9, 2021 by the West Virginia Human Rights Commission (ECF No. 15-1); and (2) a "Dismissal and Notice of Rights" dated September 7, 2021 by the U.S. Equal Employment Opportunity Commission (EEOC) indicating the EEOC closed Plaintiff's file due to adopting the findings of the state or local fair employment practices agency that investigated the charge (ECF No. 15-2)

19, 2022, Plaintiff filed his Response in opposition to Defendant's Motion to Dismiss (ECF No. 19), including several exhibits: a letter dated May 17, 2022 from Plaintiff which identifies two witnesses, Mr. Vince Dillon and Mr. Michael Cottrill who heard Mr. Hendricks call Plaintiff a racial slur, that Plaintiff's witness, Mr. Dillon, "had other complaints from other people about Mr. Hendricks", that Plaintiff has a recording of Mr. Hendricks apologizing for using the racial slur, and that Plaintiff's other witness, Mr. Cottrill, witnessed Mr. Hendricks mistreating other employees "regardless of race"; another letter dated May 17, 2022 in which Plaintiff states he is waiting on other medical records that he will file[4] in addition to those already submitted to the Court (ECF No. 19-1)[5]; and a disc[6] of an audio recording of the alleged apology by Mr. Hendricks (ECF No. 19-2).

On May 27, 2022, Defendant filed its Reply (ECF No. 21).

Consequently, this matter is fully briefed and ready for resolution.

### Defendant's Argument in Support of Dismissal

Although Plaintiff fails to specify a cause of action, Defendant states that to the extent he advanced a race discrimination claim under the West Virginia Human Rights Act (WVHRA), the details provided in Plaintiff's complaint shows that the two-year statute of limitations bars this claim; Plaintiff filed this action in November 2021, more than four months after the limitations

---

[4] Because the undersigned recommends Defendant's Motion to Dismiss be granted and this matter be dismissed, the undersigned declines to wait for Plaintiff's additional medical records, as those he has already submitted have little to no relevance to the issues raised herein upon the undersigned's review of same.

[5] Given the sensitive nature of the medical records, the undersigned ordered the Clerk to seal them (ECF No. 18).

[6] As with the medical records Plaintiff filed with the Clerk, it is unclear whether Plaintiff supplied Defendant with copies of this audio recording. However, given the legal arguments raised by Defendant, and there being no genuine dispute as to the authenticity of the recording, the undersigned does not find this exhibit is dispositive in this action, and whether or not a copy was provided to Defendant's counsel is not critical to the analysis set forth herein. Nevertheless, the undersigned listened to the audio recording, and it appears to corroborate Plaintiff's allegation that Mr. Hendricks apologized to him for the racial epithet.

period expired. (ECF No. 15 at 4-5) If Plaintiff is proceeding on a claim for hostile work environment and disparate treatment based on race, his allegations simply do not establish a legal cause of action under governing jurisprudence. (Id. at 5-6) While Defendant does not condone the alleged use of racial epithets towards Plaintiff, two isolated instances occurring on the same day do not rise to the severity or pervasiveness necessary to create a hostile work environment. (Id. at 6-7) Further, Plaintiff fails to allege facts sufficient to impute liability to Defendant – Plaintiff alleged being called racist names in May 2019, and has attached documentation that shows Plaintiff was terminated in July 2019 for leaving the jobsite without notifying anyone and for being caught sleeping on the job – issues unrelated to the May 2019 incident. (Id. at 7) Additionally, Defendant points out that Plaintiff's pleadings show that Defendant acted reasonably to prevent and to correct the discriminatory behavior by moving Plaintiff to a different work crew, and afterwards, the alleged misconduct ceased. (Id. at 8) Defendant also argues that Plaintiff fails to establish a *prima facie* claim of disparate treatment: Plaintiff cannot demonstrate satisfactory job performance; Plaintiff cannot demonstrate he was treated differently than similarly situated employees outside of his protected class; and Plaintiff cannot rebut Defendant's legitimate, non-discriminatory reason for terminating his employment. (Id. at 8-9)

**Plaintiff's Response in Opposition**

Plaintiff reasserts that he filed a claim for race discrimination against Defendant in November 2021 because of how he was mistreated on the job in July 2019 and that he can show facts to support his claim and has several witnesses. (ECF No. 19) In response to Defendant's argument that his claim is time-barred, Plaintiff alleges he can show good cause as to why he did not file his complaint in time "because he was not given notice of a dismissal from the Human

Rights Commission and a right to sue until March 2021." (Id.)

**Defendant's Reply**

Defendant points out that while Plaintiff's factual allegations fall short of establishing viable legal causes of action, his claim that he did not receive his right to sue notice until March 2021 still fails to overcome the two-year statute of limitations, as it would have expired in July 2021. (ECF No. 21 at 1-2) In his exhibit attached to his Response, Plaintiff reiterates that Mr. Hendricks apologized to him, and does not allege that the offensive conduct continued; Plaintiff does not allege that after being moved to a new work crew that he experienced subsequent harassment. (Id. at 2) Plaintiff also makes a new allegation that Mr. Hendricks mistreated others "regardless of race" which further demonstrates that Plaintiff fails to allege facts sufficient to state a claim for disparate treatment based on race. (Id. at 2-3)

**The Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550

U.S. at 555, 127 S.Ct. at 1959.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

**Discussion**

As an initial matter, Plaintiff appears to concede that his Complaint is untimely (ECF No. 19 at 1, ¶6), and thus his claim is barred by the two-year statute of limitations endorsed for claims filed under the WVHRA. See Metz v. E. Associated Coal, LLC, 799 S.E.2d 707, 710 (W. Va.

6

2017) (statute of limitations for employment discrimination claims brought under WVHRA begins to run from the date plaintiff first learns of adverse employment decision). Plaintiff has shown that he was terminated sometime between May and July 2019 (See ECF No. 1 at 8).[7] Accordingly, at the latest, Plaintiff should have filed suit no later than July 2021. Plaintiff does not explain what "good cause" he has for not filing this action timely (Id.), and while the undersigned agrees with Defendant's argument that Plaintiff's claim is time-barred, even assuming *arguendo* that Plaintiff has demonstrated good cause for the late filing, his allegations fail to establish a *prima facie* claim for hostile work environment or disparate treatment on the basis of race.

To prove a discrimination claim under Title VII, a plaintiff must show "(1) unwelcome conduct; (2) that is based on the plaintiff's protected status; (3) which is sufficiently severe or pervasive to alter [his] conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." Strothers v. City of Laurel, Maryland, 895 F.3d 317, 328 (4th Cir. 2018) (internal citation omitted). As noted *supra*, to the extent Plaintiff alleged that Defendant terminated his employment on account of his race, Plaintiff offers nothing to counter the evidence that he himself submitted that demonstrates that Plaintiff's race had nothing to do with his termination – he left the work site without telling anyone, and he was caught sleeping on the job. Moreover, Plaintiff's own evidence states that he was moved to another crew following his complaints about the alleged racial slurs that occurred on May 22, 2019 and "[a]fter the meeting with Vince Dillion Local Union 1353 Job Steward asked [Plaintiff] if everything was okay and

---

[7] Plaintiff does not provide a date on which he was terminated, however, a fair reading of the Laborers' Union letter he attached to his Complaint indicates that he was terminated sometime after the May 22, 2019 incident with Mr. Hendricks, because the letter states Plaintiff's union representatives sent correspondence dated July 19, 2019 regarding the wrongful termination grievance he filed. The letter further states that Plaintiff "had left the job site without notifying anyone, and was caught sleeping on the job while under Doctor's care and restricted to light duty." (ECF No. 1 at 8)

7

[Plaintiff] fist bumped him and said 'it's all good' " (ECF No. 1 at 8). See also, EEOC v. Xerxes Corp., 639 F.3d 658, 669 (4th Cir. 2011) (cessation of harassment shows effectiveness of employer's reasonable action to prevent and correct discriminatory behavior). Additionally, Plaintiff fails to show how Mr. Hendricks calling him a racial slur is connected or related to Plaintiff's subsequent termination. In short, the alleged "unwelcome conduct" was based *entirely* upon Plaintiff's poor job performance.

Even construing Plaintiff's allegations under the most liberal construction fails to demonstrate that Defendant's (or rather, Mr. Hendricks') alleged misconduct was "sufficiently continuous" or "pervasive" to rise to actionable levels. See Shields v. Federal Express Corp., 120 Fed. App'x. 956, 961 (4th Cir. 2005); Bannerman v. Potter, 2002 WL 32509029, at *8 (S.D.W. Va. Sept. 30, 2002) (Copenhaver, J.) (defendant entitled to summary judgment on plaintiff's claim of hostile work environment where objectionable behavior was not actionable because there was no evidence that the incident was part of a longstanding pattern of hostile and intimidating conduct); Fairmont Specialty Serv. v. West Va. Human Rights Comm'n, 206 W. Va. 86, 96, 522 S.E.2d 180, 190 (1999) (holding that "[m]ore than a few isolated incidents" are required). In addition to Plaintiff only alleging two instances on a single day where Mr. Hendricks called him a racist slur, it is also significant that Plaintiff has alleged Mr. Hendricks mistreated other employees "regardless of race" (ECF No. 19-1 at 1). These other alleged incidents of misconduct or mistreatment do nothing to advance his claim and further, appear wholly unrelated and irrelevant to Plaintiff's subsequent termination. Additionally, as Plaintiff's own evidence suggests, *supra*, Defendant took steps to rectify the situation between Plaintiff and Mr. Hendricks following the May 22, 2019 incident, and it appears that following his move to a new crew, Plaintiff had no

further complaints or issues related to race, since "it's all good."

Defendant has sufficiently, if not conclusively, coupled with Plaintiff's own allegations and exhibits, demonstrated a non-discriminatory reason for terminating Plaintiff. See <u>Holland v. Washington Homes, Inc.</u>, 487 F.3d 208 (4th Cir. 2007) (summary judgment granted to defendant employer where it demonstrated a legitimate, non-discriminatory reason for adverse employment action). In sum, Plaintiff's allegations simply fail to state a claim for hostile work environment or disparate treatment, and his claim fails as a matter of law.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** *<u>Defendant's Motion to Dismiss Plaintiff's Complaint</u>* (ECF No. 14), **DISMISS** Plaintiff's Complaint (ECF No. 1) with prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to the *pro se* Plaintiff and to counsel of record.

ENTERED: June 7, 2022.



Omar J. Aboulhosn
United States Magistrate Judge